Filed 3/6/25  P. v. Figueroa CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G063645 |
| v. | (Super. Ct. No. 08NF0581) |
| MARK ANTHONY FIGUEROA, JR., | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Jonathan S. Fish, Judge. Reversed and remanded with directions.

Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Alana

Butler and Daniel Rogers, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \*

Defendant Mark Anthony Figueroa Jr. appeals the trial court's denial of his petition to recall his sentence and resentence him, pursuant to Penal Code section 1172.75.[1] Defendant argues he is entitled to be resentenced on his now invalid section 667.5, subdivision (b) prior prison term enhancement. The Attorney General argues defendant is not entitled to resentencing because the trial court struck the section 667.5 enhancement. We agree with defendant and reverse and remand for resentencing.

PROCEDURAL HISTORY

In 2011, a jury convicted defendant of one count of second degree murder (§ 187, subd. (a)) and one count of active participation in a criminal street gang (§ 186.22, subd. (a)). The jury found true the allegation that defendant committed the murder for the benefit of a criminal street gang (*id.*, subd. (b)(1)). Defendant admitted he served one prior prison term (§ 667.5, subd. (b)).

The trial court sentenced defendant to a term of 15 years to life for the second degree murder and an additional 10 years for the gang enhancement. Additionally, the court imposed but struck the section 667.5, subdivision (b) enhancement for purposes of sentencing.

In 2023, defendant filed a petition for recall of sentence pursuant to section 1172.75 and declared in his petition that his "name and case number appear on the . . . list provided by the [Department of Corrections and Rehabilitation] to the Court, District Attorney, and Public Defender."

---

[1] All statutory references are to the Penal Code.

The trial court declined to recall defendant's sentence "because all related enhancements were either stayed or stricken at time of sentencing." The trial court, relying on the reasoning in *People v. Rhodius* (2023) 97 Cal.App.5th 38, 42, review granted February 21, 2024, S283169, concluded, "[T]he ambiguous [term] 'imposed' was shorthand for 'imposed and executed'" because section 1172.75, subdivision (d)(1), which requires the sentence to be lessened, would otherwise "not make sense . . . ."

DISCUSSION

I.

DEFENDANT IS ENTITLED TO A RESENTENCING HEARING

Effective January 1, 2022, section 1172.75, subdivision (a) provides, "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." The question before us is whether section 1172.75 entitles defendant to a resentencing hearing where his prior prison terms were stricken for the purposes of sentencing.

*A. Standard of Review*

The proper interpretation of a statute is a question of law that we review de novo, under well-settled standards. (*People v. Lewis* (2021) 11 Cal.5th 952, 961.) In interpreting a statute, "'[o]ur fundamental task . . . is to determine the Legislature's intent so as to effectuate the law's purpose. We first examine the statutory language, giving it a plain and commonsense meaning. . . . If the language is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend. If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the

3

statute's purpose, legislative history, and public policy.'" (*Sierra Club v. Superior Court* (2013) 57 Cal.4th 157, 165–166.) "We must look to the statute's words and give them their usual and ordinary meaning." (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1126.)

*B. Analysis*

Analysis of the statute and its legislative history leads us to conclude that section 1172.75 applies to enhancements, like defendant's, which were stricken for purposes of sentencing, not just those that were imposed and executed.

First, the plain language of section 1172.75 does not limit its application solely to those defendants whose enhancements were executed. Rather, the statute requires identification of "those persons in . . . custody currently serving a term for a judgment that includes an [invalid] enhancement . . . ." (*Id.*, subd. (b).) Thus, the fact that the Legislature did not require that section 1172.75 apply only to those defendants actually serving a sentence for the enhancement indicates the Legislature did not intend to restrict relief to those defendants whose sentences have been both imposed and executed. This position is consistent with cases which have concluded that section 1172.75 applies to enhancements which have been imposed but stayed. (See, e.g., *People v. Christianson* (2023) 97 Cal.App.5th 300, 305, review granted Feb. 21, 2024, S283189.) As the *Christianson* court noted, "[I]f the Legislature . . . intended to limit section 1172.75 only to those individuals [who] were currently serving an additional term based on the enhancement, it had the ability to do so." (*Id.* at p. 313.)

Second, applying section 1172.75 to enhancements which were stricken for purposes of sentencing comports with the Legislature's express intent in "'*reducing* sentences'" and ameliorating "'existing racial and socio-

4

economic disparities in our criminal justice system.'" (*People v. Saldana* (2023) 97 Cal.App.5th 1270, 1277, review granted Mar. 12, 2024, S283547.) When an enhancement has been found true, it becomes part of the judgment and must be addressed as part of the sentencing process. Even where the court strikes the enhancement for purposes of sentencing, as here, it may later be imposed and executed so that the defendant serves an additional term of imprisonment, contrary to the Legislature's intent in reducing sentences.

Additionally, we agree with the sole published case to address this issue, which concluded that section 1172.75 applies to enhancements which were stricken at sentencing. (*People v. Espino* (2024) 104 Cal.App.5th 188, 194, review granted Oct. 23, 2024, S286987.) We agree with the *Espino* majority that there is no articulable reason to differentiate between section 667.5 enhancements which have been executed, stayed, or stricken for purposes of sentencing. In each of these cases, the judgment contains a now invalid enhancement for a prior prison term, regardless of how the court originally addressed such enhancement.

We agree with our concurring colleague that this statute, like many others, was not drafted with the specificity most courts would prefer. We also agree two reasonable interpretations of the statute, based on differing cogent rationale, support conflicting results in numerous cases throughout the state. But that does not lead us to conclude either interpretation is "'""no more than [a] guess."'"" (*People v. Nuckles* (2013) 56 Cal.4th 601, 611.) When Courts of Appeal reach differing reasonable interpretations of a statute, it is for the Supreme Court to resolve the conflict. The Supreme Court then disapproves Court of Appeal holdings that are contrary to its decision. This is what we expect to happen on the issue

presented here. We think it unlikely the Supreme Court will find this statute to be egregiously ambiguous.

The plain language of the statute, legislative intent, and published case law all support the conclusion that defendants subject to now-invalid section 667.5, subdivision (b) enhancements are entitled to a resentencing hearing, regardless of whether the enhancement was imposed. We therefore reverse the trial court's order denying defendant's request for resentencing.

## DISPOSITION

The postjudgment order denying defendant's petition for recall and resentencing is reversed and the matter is remanded to the trial court for resentencing pursuant to the terms of section 1172.75. Upon conclusion of the new sentencing hearing, the trial court is directed to prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.


O'LEARY, P. J.

I CONCUR:


SANCHEZ, J.

6

DELANEY, J., Concurring.

I agree with the majority that the sole issue in this case concerns the interpretation of Penal Code section 1172.75, and I agree the trial court erred in denying defendant Mark Anthony Figueroa, Jr.'s resentencing petition.[2] I write separately because I believe the statutory analysis which compels the result is different than that articulated in *People v. Christianson* (2023) 97 Cal.App.5th 300, review granted February 21, 2024, S283189 (*Christianson*), *People v. Saldana* (2023) 97 Cal.App.5th 1270, review granted March 12, 2024, S283547, and *People v. Espino* (2024) 104 Cal.App.5th 188, review granted October 23, 2024, S286987 (*Espino*), on which the majority relies.

"Our task when interpreting statutory language is to discern the Legislature's intent 'so as to effectuate the purpose of the law.' [Citation.] 'The statutory language itself is the most reliable indicator, so we start with the statute's words, assigning them their usual and ordinary meanings, and construing them in context. If the words themselves are not ambiguous, we presume the Legislature meant what it said, and the statute's plain meaning governs.'" (*People v. Hupp* (2023) 96 Cal.App.5th 946, 950.)

Section 1172.75 requires resentencing when a defendant's judgment includes a now-invalid prison prior sentencing enhancement "imposed" pursuant to a former version of section 667.5, subdivision (b). (§ 1172.75, subds. (a), (c).) The Attorney General argues the word imposed should be interpreted to mean imposed and executed.

_____

[2] All further statutory references are to the Penal Code.

1

On its face, section 1172.75 does not require a defendant to have been subjected to a term of imprisonment to qualify for resentencing. Rather, the statute is broadly worded to apply whenever a prior prison term enhancement was "imposed," without further qualification. (§ 1172.75, subds. (a), (c).) Had the Legislature intended to limit section 1172.75's reach to cases where the enhancement was imposed and executed, it could have expressly done so. But, it did not.

When the plain language of a statute is clear, courts are not at liberty to rewrite it to conform to a presumed legislative intent which does not appear in its text. (See *Niedermeier v. FCA US LLC* (2024) 15 Cal.5th 792, 807; *Figueroa v. FCA US, LLC* (2022) 84 Cal.App.5th 708, 712). Thus, if one views "imposed" as unambiguous, the express language of section 1172.75 does not support the Attorney General's interpretation of the statute as requiring both imposition and execution of a prior prison term enhancement as a prerequisite to obtaining resentencing relief. (*Espino, supra*, 104 Cal.App.5th at p. 197, rev. granted; *People v. Mayberry* (2024) 102 Cal.App.5th 665, 676.)

Applying that understanding of the "imposed" language to a situation in which the punishment for a prison prior enhancement was stricken, a court does not impose a sentence enhancement finding. Rather, it imposes punishment for a sentence enhancement. (See *People v. Gonzalez* (2008) 43 Cal.4th 1118, 1125; *Espino, supra*, 104 Cal.App.5th at p. 204 (dis. opn. of Lie, J.), rev. granted.) Punishment cannot be stricken, unless it is first imposed. (See Merriam-Webster Dict. Online (2025) <https://www.merriam-webster.com/dictionary/impose, par. 1.a> [as of Feb. 18, 2025] archived at: <https://perma.cc/9DW6-JUF6> [defining "impose" as "to establish or apply

2

by authority"]; Merriam-Webster Dict. Online (2025) <https://www.merriam-webster.com/dictionary/strike, par. 4> [as of Feb. 18, 2025] archived at: <https://perma.cc/MR92-TPD5> [defining "strike" as "to delete something"].) Here, the original sentencing court struck only the punishment for the enhancement and did not strike the enhancement itself. So, even though Figueroa was not subjected to prison time or the threat of prison time as a result of the prior prison term enhancement finding, the sentence enhancement was imposed for purposes of section 1172.75 resentencing eligibility.

While the foregoing analysis is premised on the statute's plain language being unambiguous and on a certain ordinary meaning of the word imposed, I would be remiss not to recognize *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted February 21, 2024, S283169 (*Rhodius*), and the *Espino* dissent. Both provide equally persuasive, supported, and well-reasoned argument for ascribing a different meaning to the word imposed, including cogent rationale that goes beyond the statutory language. (See *Rhodius*, at pp. 43–48, rev. granted; *Espino, supra*, 104 Cal.App.5th at pp. 202–204 (dis. opn. of Lie, J.), rev. granted.)

Among other matters, the *Espino* dissent highlights the divergent positions held by the judiciary regarding whether an enhancement for which punishment was stricken may have potential future adverse consequences, such as restricting a defendant's custody credits, and whether the Legislature intended section 1172.75 to neutralize any such potential collateral consequences. (Compare *Espino, supra*, 104 Cal.App.5th at p. 201, with *id.* at pp. 204–205 (dis. opn. of Lie, J.), rev. granted.) Relevant to those points, any defendant who previously served a term in prison will always have that prior

3

prison term in their history. Thus, even if the finding and punishment for an enhancement based thereon is eliminated from a particular judgment, the prior prison term has the potential for negatively impacting them in the future. (See, e.g., § 1170, subd. (b)(2) [court may impose sentence exceeding middle term of sentencing triad when "circumstances in aggravation" justify doing so]; *Chavez Zapeda v. Superior Court* (2023) 97 Cal.App.5th 65, 78 ["'circumstances in aggravation'" in § 1170, subd. (b)(2), includes factors listed in Cal. Rules of Court, rule 4.421]; Cal. Rules of Court, rule 4.421 [prior prison term served by defendant is an aggravating circumstance].)

Similarly, *Rhodius* brings to light the current fundamental disagreement among appellate courts regarding whether unexecuted punishment for a prison prior enhancement adds to a defendant's sentence, such that elimination of all aspects of the enhancement will "result in a lesser sentence than the one originally imposed." (§ 1172.75, subd. (d)(1); see, e.g., *Espino, supra*, 104 Cal.App.5th at p. 197, rev. granted; *Christianson, supra*, 97 Cal.App.5th at p. 312, rev. granted; *Rhodius, supra*, 97 Cal.App.5th at pp. 43–44, rev. granted.) In this regard, the majority in this case reasons that because an enhancement for which punishment is stricken remains part of a judgment, "it may be later imposed and executed so that the defendant serves an additional term of imprisonment." I respectfully disagree.

Roughly two years before the Legislature enacted section 1172.75, it amended section 667.5, subdivision (b), to narrow the availability of the one-year prison prior enhancement. (Stats. 2019, ch. 590, § 1.) The enhancement is now only available for prior prison terms for sexually violent offenses, which is the precise type of prison prior enhancement excluded from section 1172.75 resentencing eligibility. (§§ 667.5, subd. (b), 1172.75, subd.

4

(a).) Accordingly, a court conducting a resentencing today could only "revive" a one-year prison prior enhancement for which punishment was previously stricken if the qualifying prior prison term was for a sexually violent offense. A court could not, now or in the future, impose punishment for a prison prior enhancement that the Legislature makes unavailable at the time of a resentencing hearing. (See *People v. Padilla* (2022) 13 Cal.5th 152, 160–163 [new laws that mitigate punishment for offense generally are presumed to apply to cases not yet final, including when prior sentence is vacated for resentencing]; *People v. Walker* (2021) 67 Cal.App.5th 198, 205–206 & fn. 4 [except where barred by prohibition against ex post facto laws, trial court must apply law in effect at time of resentencing].)

Where, as here, the use of statutory construction tools leads to two reasonable interpretations of the statute which completely counterbalance one another, the inescapable conclusion is the statute is ambiguous in such a manner, and to such an extent, that its meaning cannot be conclusively resolved by applying rules of statutory construction. Under these unique circumstances, the rule of lenity applies, and we must adopt the interpretation most favorable to Figueroa—that an imposed prison prior sentence enhancement triggers application of section 1172.75's resentencing process, even if the original sentencing court ultimately struck the punishment. (See *People v. Nuckles* (2013) 56 Cal.4th 601, 611 [rule of lenity applies ""'only if the court can do no more than guess what the legislative body intended; there must be an *egregious* ambiguity and uncertainty to justify invoking the rule'""]; *Espino, supra*, 104 Cal.App.5th at p. 201, rev. granted [rule of lenity would apply if section 1172.75 interpretations were equally strong on both sides].)

5

Because Figueroa's judgment includes a prison prior sentence enhancement that was imposed prior to January 1, 2020, within the meaning of section 1172.75, I agree Figueroa is entitled to resentencing.


DELANEY, J.

6